IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE CITY OF LORAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-1639 |
| | ) | |
| PURDUE PHARMA L.P.; PURDUE PHARMA | ) | Action Filed:  June 29, 2017 |
| INC.; THE PURDUE FREDERICK  COMPANY, | ) | Action Served: July 10, 2017 |
| INC.; TEVA PHARMACEUTICALS USA, INC.; | ) | |
| CEPHALON, INC.; JOHNSON & JOHNSON; | ) | |
| JANSSEN PHARMACEUTICALS,  INC.; | ) | |
| ORTHO-MCNEIL-JANSSEN | ) | |
| PHARMACEUTICALS, INC. N/K/A JANSSEN | ) | |
| PHARMACEUTICALS, INC.; JANSSEN | ) | |
| PHARMACEUTICA, INC. N/K/A JANSSEN | ) | |
| PHARMACEUTICALS, INC.; ENDO | ) | |
| PHARMACEUTICALS, INC.; ALLERGAN PLC | ) | |
| F/K/A ACTAVIS PLC; ACTAVIS, INC. F/K/A | ) | |
| WATSON PHARMACEUTICALS, INC.; | ) | |
| WATSON LABORATORIES, INC.; ACTAVIS | ) | |
| LLC; ACTAVIS PHARMA, INC. F/K/A WATSON | ) | |
| PHARMA, INC.; ENDO HEALTH SOLUTIONS | ) | |
| INC.; MCKESSON CORPORATION; | ) | |
| CARDINAL HEALTH, INC.; | ) | |
| AMERISOURCEBERGEN CORPORATION; | ) | |
| RUSSELL PORTENOY; PERRY FINE; | ) | |
| SCOTT FISHMAN; and LYNN WEBSTER, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ENDO HEALTH SOLUTIONS INC. AND
<u>ENDO PHARMACEUTICALS INC.'S NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Endo Health Solutions Inc. and

Endo Pharmaceuticals Inc. (collectively, "Endo") hereby give notice of removal of this action,

captioned *City of Lorain v. Purdue Pharma L.P. et al.*, bearing civil action number 17CV192705,

from the Court of Common Pleas for Lorain County, Ohio, to the United States District Court for

the Northern District of Ohio. Pursuant to 28 U.S.C. § 1446(a), Endo provides the following statement of the grounds for removal:

## BACKGROUND

1. On June 29, 2017, Plaintiff, the City of Lorain, filed a Complaint (attached hereto, with process papers served upon Endo, as **Exhibit 1**) in the Court of Common Pleas for Lorain County, Ohio, against the following manufacturers and distributors of FDA-approved opioid medications, as well as physicians who allegedly promoted the use of opioid products:

    a. "Manufacturer Defendants" — Endo Pharmaceuticals Inc.; Endo Health Solutions Inc.; Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Allergan plc f/k/a Actavis plc; Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; and Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.;

    b. "Physician Defendants" — Russell Portenoy; Perry Fine; Scott Fishman; and Lynn Webster; and

    c. "Distributor Defendants" — McKesson Corporation; Cardinal Health, Inc. ("Cardinal"); and AmerisourceBergen Corporation.

2. The thrust of the Complaint is that the Manufacturer Defendants and Physician Defendants engaged in a campaign of misrepresentations about the risks of FDA-approved opioid medications. (Compl. ¶¶ 1-44.) Plaintiff alleges that, as part of this campaign, the Manufacturer Defendants paid physicians and others to promote the Manufacturer Defendants' opioid products. (*Id*. ¶ 12.) Plaintiff further alleges that the Physician Defendants participated in those promotional

activities. (*See*, *e.g.*, *id.* ¶¶ 122-125, 224-230, 412-413.) Plaintiff asserts that the Manufacturer Defendants and Physician Defendants' alleged conduct has caused Plaintiff to incur "health care costs, criminal justice and victimization costs, social costs, and lost productivity costs." (*Id.* ¶ 44.) All of the Manufacturer Defendants and Physician Defendants are citizens of states other than Ohio.

3. Unlike the allegations against the Manufacturer Defendants and Physician Defendants, none of Plaintiff's allegations against the Distributor Defendants relate to purported misrepresentations about opioid medications. Instead, Plaintiff alleges that the Distributor Defendants "played an integral role in the chain of opioids being distributed throughout the City of Lorain" and "failed in their duty to take any action to prevent or reduce the distribution of these drugs" or to notice and report "suspicious or alarming orders of opioid pharmaceuticals." (*Id.* ¶¶ 89, 94, 98.)

4. The Complaint asserts five causes of action against "all Defendants" (although the majority of the alleged conduct underlying all of those claims involves only the Manufacturer Defendants and the Physician Defendants): (1) unfair consumer sales practices under chapter 1345 of the Ohio revised code; (2) deceptive trade practices under chapter 4165 of the Ohio revised code; (3) nuisance and product liability; (4) fraud; and (5) unjust enrichment. (*Id.* ¶¶ 697-734.) In addition, the Complaint asserts a negligence claim solely against the Distributor Defendants. (*Id.* ¶¶ 735-749.)

5. Endo received service of the Summons and Complaint on July 10, 2017. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Endo is attached hereto as **Exhibit 1** (Complaint and service papers) and **Exhibit 2** (orders).

**VENUE AND JURISDICTION**

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 115, 1391, 1441(a), and 1446(a) because the Court of Common Pleas for Lorain County, Ohio, where the Complaint was filed, is a state court within the Northern District of Ohio.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity of citizenship between Plaintiff and all properly joined defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

**I. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL PROPERLY JOINED DEFENDANTS**

8. There is complete diversity of citizenship here because Plaintiff is an Ohio citizen and all of the Manufacturer Defendants and Physician Defendants are citizens of states other than Ohio, *see* Part I.A *infra*, and the citizenship of the Distributor Defendants (one of which is non-diverse) should be ignored for purposes of determining diversity jurisdiction, *see* Part I.B *infra*. This is because the Distributor Defendants are dispensable parties subject to severance under the Federal Rules of Civil Procedure and are also fraudulently misjoined.

**A. Plaintiff Is Diverse from the Manufacturer and Physician Defendants**

**1. Plaintiff Is a Citizen of Ohio**

9. The City of Lorain is an Ohio citizen for purposes of diversity jurisdiction. *See Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes.") (citation omitted); *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (city and school district are citizens of the state in which they are situated); *Herold v. ASII, Inc.*, No.

4

1:11-CV-1690, 2012 WL 243303, at *1 (N.D. Ohio Jan. 23, 2012) (City of Cleveland is a citizen of Ohio).

### 2. None of the Manufacturer Defendants or Physician Defendants Are Citizens of Ohio

10. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A partnership is a citizen of every state in which its partners are citizens. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005).

11. Applying these principles, none of the Manufacturer Defendants or Physician Defendants are citizens of Ohio.

12. Defendant Endo Health Solutions Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania. (Compl. ¶ 65.)

13. Defendant Endo Pharmaceuticals Inc. is a corporation organized under the laws of Delaware with its principal place of business in Malvern, Pennsylvania. (*Id.*)

14. Defendant Purdue Pharma L.P. is a limited partnership organized under the laws of Delaware, none of whose partners are residents of Ohio. (*See id.* ¶ 50.)

15. Defendant Purdue Pharma Inc. is a corporation organized under the laws of Delaware with its principal place of business in Stamford, Connecticut. (*Id.*)

16. Defendant The Purdue Frederick Company, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Stamford, Connecticut. (*Id.*)

17. Defendant Teva Pharmaceuticals USA, Inc. is a corporation organized under the laws of Delaware with its principal place of business in North Wales, Pennsylvania. (*Id.* ¶ 54.)

18. Defendant Cephalon, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Frazer, Pennsylvania. (*Id.* ¶ 55.)

19. Defendant Johnson & Johnson is a corporation organized under the laws of New Jersey with its principal place of business in New Brunswick, New Jersey. (*Id.* ¶ 61.)

20. Defendant Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

21. Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

22. Defendant Janssen Pharmaceutica, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Titusville, New Jersey. (*Id.*)

23. Defendant Allergan plc is a public limited company incorporated in Ireland with its principal place of business in Dublin, Ireland. (*Id.* ¶ 68.)

24. Defendant Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is now known as Allergan Finance LLC, a Nevada limited company with its principal place of business in Parsippany, New Jersey. (*See id.*)

25. Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id.*) Actavis LLC's sole member is Actavis US Holdco LLC, a limited liability company organized under the laws of Delaware. Actavis US Holdco LLC's sole member is Watson Laboratories, Inc., a Nevada corporation with its principal place of business in Parsippany, New Jersey. (*See id.*)

26. Defendant Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Parsippany, New Jersey. (*See id.*)

27. Defendant Actavis Pharma, Inc., f/k/a Watson Pharma, Inc., is a Delaware corporation with its principal place of business in Parsippany, New Jersey. (*Id.*)

28. Defendant Dr. Russell Portenoy is a citizen of New York. (*Id.* ¶ 122.)

29. Defendant Dr. Perry Fine is a citizen of Utah. (*Id.* ¶ 123.)

30. Defendant Dr. Scott Fishman is a citizen of California. (*Id.* ¶ 124.)

31. Defendant Dr. Lynn Webster is a citizen of Utah. (*Id.* ¶ 125.)

32. Accordingly, all of the Manufacturer Defendants and Physician Defendants are citizens of a state or foreign state other than Ohio.

### B. The Citizenship of the Distributor Defendants Should Be Ignored

#### 1. The Distributor Defendants Are Dispensable Parties Subject to Severance

33. Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper if the claims against the non-diverse defendants would otherwise be severable under Federal Rules of Civil Procedure 19 and 21. This Court's decision in *Joseph v. Baxter International, Inc.*, 614 F. Supp. 2d 868 (N.D. Ohio 2009) (attached hereto as **Exhibit 3**), is instructive. There, the plaintiffs, citizens of Louisiana, brought a products liability action against Baxter, the manufacturer of the drug Heparin and a citizen of Delaware and Illinois. *Id.* at 870. Before the case was removed, the plaintiffs amended their complaint to add as defendants various healthcare provider companies, which were citizens of Louisiana and therefore non-diverse, that allegedly engaged in "negligent acts and omissions in the administration of Heparin." *Id.* at 871. Despite the addition of these non-diverse healthcare provider defendants, the district court denied remand.

34. Following Sixth Circuit precedent, the court explained that "it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity." *Id.* at 872

(quoting *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763 (6th Cir. 1999)); *see also id.* ("[U]nder Rule 21 of the Federal Rules of Civil Procedure, [courts] can retain jurisdiction by severing claims against nondiverse dispensable defendants."); *id.* (Rule 21 "permits a district court to retain diversity jurisdiction over a case by dropping a nondiverse party if that party's presence in the action is not required under Federal Rule of Civil Procedure 19") (quoting *Safeco Ins. Co. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994)). Applying that principle, the *Baxter* court concluded that the healthcare-provider defendants were dispensable parties subject to severance and thus declined to remand the entire case. *Id.* at 872-74. The court reasoned that the healthcare-provider defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against Baxter"; the medical malpractice claims against the healthcare providers "differ from the [plaintiffs'] products liability claim" against the manufacturer. *Id.* at 872. And, the court explained, the healthcare-provider defendants were dispensable because the plaintiffs "retain an adequate remedy against the Healthcare Defendants as they can proceed with their claims in state court." *Id.* at 873. Given the separate questions raised by plaintiffs' negligence claims against the healthcare providers, the court further found that it could "sever them from the claims against [the manufacturer], and in doing so, perfect diversity jurisdiction over [the manufacturer]." *Id.* at 874.

35. The *Baxter* court cited numerous other decisions that followed the same approach to retain diversity jurisdiction. *See id.* at 873-74 (citing *Phillips v. Knoll Pharm. Co.*, No. 03-8044 (N.D. Ohio Sept. 4, 2003); *Williams v. Knoll Pharm. Co.*, No. 03-8030 (N.D. Ohio July 11, 2003); *Lucas v. Springhill Hosps., Inc.*, No. 1:09HC60016, 2009 WL 1652155, at *2 (N.D. Ohio June 11, 2009); *Jolly v. Baxter Healthcare Corp.*, No. 9:09-cv-00038 (E.D. Tex. Apr. 16, 2009)). While severance in such instances is not mandatory, s*ee Aramouni v. Cook Med.*, No.

8

1:15 CV 1116, 2015 WL 5661040, at *3 (N.D. Ohio Sept. 24, 2015), severance is particularly appropriate in cases where "the claims 'involve different legal standards and different factual allegations.'" *Kelly v. Aultman Physician Ctr.*, No. 5:13CV0994, 2013 WL 2358583, at *3 (N.D. Ohio May 29, 2013) (citing *DeGidio v. Centocor, Inc.*, No. 3:09CV721, 2009 WL 1867676, at *2 (N.D. Ohio July 8, 2009)).

36. Likewise, here, the Distributor Defendants should be severed as dispensable parties and any remand motion denied. Just like the claims against the manufacturer and the non-diverse healthcare provider defendants in *Baxter*, Plaintiff's claims and factual allegations against the Manufacturer Defendants and Physician Defendants are sufficiently distinct from those against the Distributor Defendants to merit severance. The claims against the Manufacturer Defendants and Physician Defendants involve alleged misrepresentations regarding the risks of opioid medications, whereas the claims against the Distributor Defendants allege negligence in the distribution of the medications. (*Compare* Compl. ¶¶ 5–17 (allegations against Manufacturer Defendants and Physician Defendants), *with id.* ¶¶ 87–121 (allegations against Distributor Defendants.)) And, as in *Baxter*, if Plaintiff truly wants to pursue claims against the Distributor Defendants—that is, if Cardinal was not added solely in an attempt to defeat diversity jurisdiction—Plaintiff has an "adequate remedy . . . in state court." *Baxter*, 614 F. Supp. 2d at 872.

### 2. The Distributor Defendants Are Also Fraudulently Misjoined

37. Beyond the ability to retain diversity jurisdiction through severance, the citizenship of the Distributor Defendants should be ignored because the claims against them are fraudulently misjoined in this action. "Fraudulent misjoinder occurs when a plaintiff attempts to defeat removal by misjoining the unrelated claims of non-diverse party plaintiffs against a defendant, or

. . . by misjoining the unrelated claims of a plaintiff against non-diverse party defendants." *Id.* at 874 (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on another ground in Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). As explained above, Plaintiff's claims against the Manufacturer Defendants and Physician Defendants are completely separate and distinct from Plaintiff's claims against the Distributor Defendants, including Cardinal. There is no plausible basis for their inclusion in this lawsuit other than to defeat diversity.

38. Indeed, in an opioid-related case like this one, a federal district court recently applied the fraudulent misjoinder doctrine to deny a motion to remand the action to state court. *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, No. 1:17-00946, 2017 WL 2843614, at *5 (S.D. W. Va. July 3, 2017) (attached hereto as **Exhibit 4**). There, the plaintiff filed suit in state court against diverse distributors of opioid products for allegedly "flood[ing] McDowell County with opioids well beyond what was necessary to address pain and other [legitimate] reasons," and also against a non-diverse doctor for allegedly "provid[ing] written opioid prescriptions for patients, knowing that the drugs were likely to be abused, diverted or misused." *Id.* at *1. The court found that these claims were fraudulently misjoined and accordingly denied remand because "plaintiff's claims against the [distributors] and the claims against [the doctor]" lacked "common questions of law or fact" and were "separate and distinct." *Id.* at *5; *see also id.* at *4 (agreeing that "the claims against [the doctor] arise out of different transactions, involve different evidence, and rest on different legal theories than the claims against the [distributor defendants]").

39. To be sure, as the court in *Baxter* noted, the Sixth Circuit has not yet adopted the fraudulent misjoinder doctrine, and certain judges in the Northern District of Ohio have declined to apply the doctrine. *Baxter*, 614 F. Supp. 2d at 874; *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865,

871 (N.D. Ohio 2008); *Rodriguez v. Tyco Healthcare Grp., LP*, No. 1:08 GD 50327, 2008 WL 4683294, at *2 (N.D. Ohio Oct. 21, 2008).

40. Nevertheless, at least one other court within the Sixth Circuit has applied the doctrine. *Asher v. Minn. Mining and Mfg. Co.*, No. 04-CV-522, 2005 WL 1593941, at *7 (E.D. Ky. June 30, 2005) (adopting fraudulent misjoinder doctrine and articulating a standard that requires no "reasonable basis for finding the Plaintiff's claims were properly joined"). Given the divergent approaches—and for preservation purposes—if the Court finds that the Distributor Defendants are not dispensable parties subject to severance, it should find the claims against them misjoined.

41. In sum, because Plaintiff is an Ohio citizen, and because none of the properly joined defendants are Ohio citizens, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

42. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572-73 (6th Cir. 2001).

43. Here, Plaintiff asserts that it has been forced to "expend exorbitant amounts money," (Compl. at ¶ 3), and "has incurred, and continues to incur, costs related to opioid

addiction and abuse, including, but not limited to, health care costs, criminal justice and victimization costs, social costs, and lost productivity costs," (*Id*. ¶¶ 44, 671), in order to address the "direct and foreseeable consequences of [Manufacturer] Defendants' wrongful conduct," (*Id*. ¶ 671.). Plaintiff seeks "[c]ompensatory damages in an amount sufficient to . . . completely compensate Plaintiff for all damages" as well as treble damages and punitive damages. (*Id*. Prayer for Relief ¶¶ i–iii.) It is thus clear that the alleged amount in controversy exceeds $75,000.

## III. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED

### A. This Notice of Removal Is Timely

44. This Notice of Removal is timely filed. Endo received the Complaint through service on July 10, 2017. The last day to file the Notice of Removal is August 9, 2017. 28 U.S.C. § 1446(b)(1). Because Endo filed the Notice of Removal on August 4, 2017, removal is timely.

### B. All Properly Joined And Served Defendants Consent to Removal

45. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal.

46. The following properly served and joined defendants consent to removal, as indicated by their signing below: Defendants Purdue Pharma L.P.; Purdue Pharma Inc.; The Purdue Frederick Company, Inc.; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. N/K/A Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. N/K/A Janssen Pharmaceuticals, Inc.; Watson Laboratories, Inc.; Actavis LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Dr. Russell Portenoy; Dr. Perry Fine; Dr. Scott Fishman; and Dr. Lynn Webster. *See City of*

*Cleveland v. Ameriquest Mort. Sec., Inc.*, 615 F.3d 496, 501 (6th Cir. 2010) (co-defendants may consent to removal by filing a written consent).

47. The following properly joined Defendants have not been properly served, and thus their consent to removal is not required: Allergan plc f/k/a Actavis plc; and Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. *See id*.

48. By filing this Notice of Removal, neither Endo nor any other defendant waives any defense that may be available to them and reserve all such defenses. If any question arises as to the propriety of the removal to this Court, Endo and the remaining properly joined defendants request the opportunity to present a brief and oral argument in support of their position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Endo hereby removes this action from the Court of Common Pleas, Lorain County, to the United States District Court for the Northern District of Ohio.

DATED: August 4, 2017

/S/ Carole S. Rendon
Carole S. Rendon (0070345)
Tera N. Coleman (0090544)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
(216) 696-0740
crendon@bakerlaw.com
tcoleman@bakerlaw.com

Ingo W. Sprie, Jr.*
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
Ingo.Sprie@apks.com

Sean Morris*
ARNOLD & PORTER KAYE SCHOLER LLP
777 S. Figueroa Street
44th Floor

Los Angeles, CA 90017
(213) 243-4000
Sean.Morris@apks.com

Attorneys for Defendants
ENDO HEALTH SOLUTIONS INC. and ENDO PHARMACEUTICALS, INC.
*denotes national counsel who will seek pro hac vice admission*

**WRITTEN CONSENT OF OTHER PROPERLY JOINED DEFENDANTS**

Consent to removal on behalf of PURDUE PHARMA L.P., PURDUE PHARMA INC., and THE PURDUE FREDERICK COMPANY, INC.:

 /s/ Daniel J. Buckley
Daniel J. Buckley (3772)
VORYS, SATER, SEYMOUR and PEASE LLP
301 East Fourth Street
Suite 3500, Great American Tower
Cincinnati, OH 45202
(513) 723-4002
djbuckley@vorys.com

Patrick J. Fitzgerald*
R. Ryan Stoll*
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY 10036
(212) 735-3000
patrick.fitzgerald@skadden.com
ryan.stoll@skadden.com

-and-

155 North Wacker Drive
Chicago, IL 60606
(312) 407-0700
*denotes national counsel who will seek pro hac vice admission*

Consent to removal on behalf of Defendants TEVA PHARMACEUTICALS USA, INC. and

14

CEPHALON, INC.
(Appearance by local counsel pending):

/s/ Tinos Diamantatos
Tinos Diamantatos*
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive
Chicago, IL 60601-5094
(312) 324-1145
tdiamantatos@morganlewis.com
* denotes national counsel who will seek pro hac vice admission

J. Gordon Cooney, Jr.*
Steven A. Reed*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
(215) 963-5000
gordon.cooney@morganlewis.com
steven.reed@morganlewis.com
* denotes national counsel who will seek pro hac vice admission


Consent to removal on behalf of Defendants JOHNSON & JOHNSON, JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC., and JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, Inc.
(Appearance by local counsel pending):

/s/ Charles C. Lifland
Charles C. Lifland*
O'MELVENY & MYERS LLP
400 S. Hope Street
Los Angeles, CA 90071
(213) 430-6000
clifland@omm.com
ckubota@omm.com
* denotes national counsel who will seek pro hac vice admission

Consent to removal on behalf of WATSON LABORATORIES, INC., ACTAVIS LLC; and ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.
(Appearance by local counsel pending):

 /s/ James W. Matthews
James W. Matthews*
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000
jmatthews@foley.com
* *denotes national counsel who will seek pro hac vice admission*


Consent to removal on behalf of Defendant RUSSELL PORTENOY:

 /s/ Jordan D. Rauch
O. Judson Scheaf, III (0040285)
Jordan D. Rauch (0093389)
HAHN LOESER & PARKS LLP
65 East State Street, Suite 1400
Columbus, Ohio 43215
(614) 233-5190
JScheaf@hahnlaw.com
JRauch@hahnlaw.com


Consent to removal on behalf of Defendants PERRY FINE, SCOTT FISHMAN, and LYNN WEBSTER:

 /s/ Gregory D. Brunton
Gregory D. Brunton (61722)
GORDON REES SCULLY MANSUKHANI
41 South High Street, Suite 240
Columbus, OH 43215
(614) 427-1845
gbrunton@grsm.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing is being served upon the following by regular United States mail, postage prepaid:

John R. Climaco
David M. Cuppage
Margaret M. Metzinger
CLIMACO, WILCOX, PECA, & GAROFOLI, C.O., L.P.A.
55 Public Square, Suite 1950
Cleveland, Ohio 44113
*Attorneys for Plaintiff*

Paul J. Napoli
Joseph L. Ciaccio
Salvatore C. Badala
NAPOLI SHKOLNIK, PLLC
400 Broadhollow Road – Suite 350
Melville, New York 11747
*Attorneys for Plaintiff*

Vincent I. Holzhall
STEPTOE & JOHNSON PLLC
41 South High St, Ste 2200
Columbus, Ohio 43215
*Attorney for Defendant McKesson Corporation*

Joseph F Murray
MURRAY MURPHY MOUL BASIL LLP
1114 Dublin Road
Columbus, OH 43215
*Attorney for Defendant Cardinal Health, Inc.*

AmerisourceBergen Corporation
1300 East Ninth St
Cleveland, Ohio 44114


Dated:   August 4, 2017


    /s/ Tera N. Coleman
*Attorney for Defendants*